IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00692-REB-CBS

WANDA LEILANI NOOR,
    Plaintiff,
v.

JOHN HICKENLOOPER, a Governor of Colorado,
JOHN SUTHERS, a Colorado Attorney General,
NYLE BOYD, a Colorado Trustee,
OTHER PUBLIC SERVANTS,
STATE EMPLOYEES,
STATE ACTORS,
HUMANS,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff's Complaint (filed March 15, 2013) (Doc. # 1). By the Order Referring Case dated March 22, 2013, this civil action was referred to the Magistrate Judge. (See Doc. # 6). The court having reviewed the pleading, the entire case file, and the applicable law and being sufficiently advised in the premises, the Complaint is STRICKEN and Plaintiff is directed to submit an Amended Complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and this Order.

    Fed. R. Civ. P. 8(a) states that a complaint shall contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). "[T]o state a claim in federal court, a

1

Case 1:13-cv-00692-REB-CBS   Document 8   Filed 03/26/13   USDC Colorado   Page 2 of 7

complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). *See also Blinder & Robinson Co. v. SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984) ("a plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim"). The information provided by the pleader must be adequate to set forth the basis of his claim "as distinguished from a bare averment that he wants relief and is entitled to it." *See* 5 *Federal Practice and Procedure* Civ. 3d § 1215. When a complaint does not comply with Rule 8, the district court has the authority to dismiss it. *See Nasious*, 492 F.3d at 1161 ("a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure"); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court.") (citations omitted).

Plaintiff is proceeding *pro se*. The court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court cannot act as an advocate for a pro se litigant and Plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the Local Rules of this court. *See id.*

Plaintiff alleges three claims: (1) "Forgery: the Department of Human Resources uttered a forged instrument which is interfering with my rights"; (2) "Trespass: the Department

of Human Resources attempting to administer my property with no rights"; and (3) "Bad Faith: the Department of Human Resources holds my property (2-issues) with no rights." (*See* Doc. # 1 at 3-5 of 6). Plaintiff attached to the Complaint 29 additional pages of exhibits. (*See* Doc. # 1-1). Plaintiff alleges jurisdiction under Articles VI, VII, and IX of the U.S. Constitution, the state of Alabama's Constitution, and other authorities. (*See* Doc. # 1 at 2 of 6 ("3BI Comm. 378," "2 Danv. 259," "25 C.J. ss 344; 346"; *see also* Doc. # 1-1 at 3 of 29). As relief, Plaintiff seeks $346,665,560.00 in damages and the "return of property (2-issues)." (*See* Doc. # 1 at 6 of 6). The "property" to which Plaintiff refers are two children. (*See* Doc. # 1-1 at 4, 9-10 of 29). Plaintiff also seeks as relief that this court "take over control of the State of Colorado's Department of Human Resources." (*See* Doc. # 1 at 6 of 6). The Complaint suffers from many deficiencies.

Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss an action if the court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings. *McAlester v. United Air Lines*, Inc., 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). A review of the Complaint reveals that the court lacks subject matter jurisdiction to consider the claims raised in this action. First, the court does not recognize the authorities cited by Plaintiff as conferring federal jurisdiction over this civil action. (*See* Doc. # 1 at 2 of 6; Doc. # 1-1 at 3 of 29 ("Art. VI" regarding criminal prosecutions, "Art VII" regarding right to a jury trial, "Art. IX," the Alabama Constitution, "3BI Comm. 378," "2 Danv. 259," "25 C.J. ss 344; 346")).

Second, the wrongdoing Plaintiff allege appears to relate to a determination of parental custodial rights. "The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to

3

previous state court litigation." *Goodman ex rel Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), *overruled on other grounds by Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 284 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). The *Rooker–Feldman* doctrine provides that federal courts other than the United States Supreme Court lack jurisdiction to adjudicate claims seeking review of state court judgments. *See Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 415–16. The *Rooker–Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). The *Rooker–Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Plaintiff can raise any due process concerns related to the child custody proceedings on appeal in state court after a final judgment.

     The *Rooker–Feldman* doctrine is applicable both to claims at issue in a state court order and to claims that are "inextricably intertwined" with such an order. *See Exxon Mobil*, 544 U.S. at 286, n. 1 ("[A] district court [can]not entertain constitutional claims attacking a state-court judgment, even if the state court [did] not pass[ ] directly on those claims, when

the constitutional attack [is] inextricably intertwined with the state court's judgment.") (internal quotation marks and citation omitted).  *See also Staley v. Ledbetter*, 837 F.2d 1016, 1017–18 (11th Cir. 1988) (holding that the *Rooker–Feldman* doctrine deprived the federal district and appellate courts of subject matter jurisdiction over a plaintiff's § 1983 claim based on alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment that "in essence sought to reverse a state court's child custody determination").  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1148 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280.

If Plaintiff is attempting to challenge state court proceedings still in progress, the court must decline to exercise subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state proceedings.  *Younger*, 401 U.S. at 44; *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995).

Parental custody rights involve important state interests. The Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593–94 (1890)).  Federal courts do not have diversity jurisdiction over divorce, alimony decrees, or child custody orders.  *Ankenbrandt*, 504 U.S. at 703.  *See also Vaughn v. Smithson*, 883 F.2d 63, 64 (10th Cir.1989) ("It is now well established that federal courts do not have diversity jurisdiction to grant a divorce or annulment, determine support payments, or award custody of a child") (citations omitted).  Plaintiff may not bring a child custody dispute in federal court by alleging claims for "forgery," "trespass," and 'bad faith."  *See*

*Wyttenbach v. Parrish*, No. 12-4074, 2012 WL 3871712, at * 1 (10th Cir. Sept. 7, 2012) (a plaintiff may not "overcome the exception and win a federal forum simply by 'disguis[ing] the true nature of [a domestic relations] action by claiming that [it is] a claim for damages based on a breach of contract.' ") (quoting *McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999)).

The Complaint does not clarify the substance of the claims, provide sufficient notice to each of the Defendants of the factual grounds for any specific claims, or satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure. The Complaint is no more than a spattering of conclusory and unintelligible allegations. Plaintiff does not clearly state the legal basis for each claim, the actions or inactions of each Defendant, or how those actions or inactions violate any specified law. *See Green v. Com. of Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) (finding that dismissal is appropriate for "complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim"). Plaintiff seeks $346,665,560.00 in damages without a factual or legal basis for such an amount.

The Complaint names an unspecified number of unidentified Defendants (*See* Doc. 3 1 at 1 of 6 ("Other Public Servants, State Employees, State Actors, Humans"). There is no provision in the Federal Rules of Civil Procedure for suing unidentified parties. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide that "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a).

In sum, the Complaint in its present form may properly be stricken. Plaintiff will be afforded an opportunity to submit an Amended Complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of this court, and this Order. The Amended Complaint must be submitted on the court's form and shall be titled "Amended Complaint." The Defendants shall be clearly identified. The background statement shall briefly summarize

Plaintiff's case. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. The Complaint shall not contain conclusory allegations.

Accordingly, IT IS ORDERED that:

1. The Complaint (Doc. # 1) is STRICKEN for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado.

2. **On or before Wednesday, April 17, 2013**, Plaintiff shall submit an Amended Complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and this Order.

3. Plaintiff's failure to comply with this Order may result in a Recommendation to District Judge Blackburn that this civil action be dismissed.

4. Enclosed with Plaintiff's copy of this Order is a copy of the court's complaint form.

DATED at Denver, Colorado, this 26th day of March, 2013.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge