IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00692-REB-CBS

WANDA LEILANI NOOR,
    Plaintiff,
v.

JOHN HICKENLOOPER, a Governor of Colorado,
JOHN SUTHERS, a Colorado Attorney General,
NYLE BOYD, a Colorado Trustee,
OTHER PUBLIC SERVANTS,
STATE EMPLOYEES,
STATE ACTORS,
HUMANS,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the March 26, 2013 Order striking Ms. Noor's Complaint and directing her to submit an Amended Complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Order. Pursuant to the Order Referring Case dated March 22, 2013, this civil action was referred to the Magistrate Judge. (See Doc. # 6). The court has reviewed the Complaint, the entire case file, the March 26, 2013 Order, Ms. Noor's numerous filings, and the applicable law and is sufficiently advised in the premises.

    Ms. Noor is proceeding *pro se*. The court must construe her Complaint liberally because she is not represented by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the court cannot act as an advocate for a pro se litigant and Ms. Noor must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the Local Rules of this court. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Ms. Noor alleges three

1

claims: (1) "Forgery: the Department of Human Resources uttered a forged instrument which is interfering with my rights"; (2) "Trespass: the Department of Human Resources attempting to administer my property with no rights"; and (3) "Bad Faith: the Department of Human Resources holds my property (2-issues) with no rights." (*See* Doc. # 1 at 3-5 of 6).  She alleges jurisdiction under Articles VI, VII, and IX of the U.S. Constitution, the state of Alabama's Constitution, and other authorities.  (*See* Doc. # 1 at 2 of 6 ("3BI Comm. 378," "2 Danv. 259," "25 C.J. ss 344; 346"; *see also* Doc. # 1-1 at 3 of 29).  As relief, she seeks $346,665,560.00 in damages and the "return of property (2-issues)." (*See* Doc. # 1 at 6 of 6).  The "property" to which she refers are two children.  (*See* Doc. # 1-1 at 4, 9-10 of 29).  Ms. Noor also seeks as relief that this court "take over control of the State of Colorado's Department of Human Resources." (*See* Doc. # 1 at 6 of 6).

On March 26, 2013, the court struck the Complaint without prejudice to Ms. Noor amending her pleading.  (*See* Doc. # 8).  The court pointed out that the Complaint suffers from many deficiencies, including failure to allege subject matter jurisdiction, lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine and *Younger v. Harris*, 401 U.S. 37 (1971), lack of subject matter jurisdiction over child custody disputes, failure to comply with Federal Rules of Civil Procedure 8 and 12, an allegation of damages without a factual or legal basis, and an unspecified number of unidentified Defendants.  The court directed Ms. Noor to submit on or before April 17, 2013 an Amended Complaint that complied with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the court's Order.  (*See id.*).  The court instructed:

> [t]he Amended Complaint must be submitted on the court's form and shall be titled 'Amended Complaint.' The Defendants shall be clearly identified. The background statement shall briefly summarize Plaintiff's case.  Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. The Complaint shall not contain conclusory allegations.

(*See* Doc. # 8).  The court advised Ms. Noor that failure to comply with the Order may result in a Recommendation to the District Judge that this civil action be dismissed.  (*See id.*).  With the Order, the court provided Ms. Noor a copy of the court's complaint form.  (*See* Doc. # 8-1).

As of this date, Ms. Noor has not filed an Amended Complaint or sought an extension of time from the court.  After the court's March 26, 2013 Order, Ms. Noor filed numerous papers with the court.  (*See* Docs. # 9, # 10, # 11, # 12, # 13, # 14, # 15, # 16, # 17, # 18, # 19, and # 20),   None of Ms. Noor's filings constitutes an Amended Complaint that complies with the court's March 26, 2013 Order.  Like Ms. Noor's Complaint, her subsequent filings are rambling, speculative, accusatory, indecipherable diatribes devoid of facts and authority that would support any legal claim.  *See id.; Green v. Com. of Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) (finding that dismissal is appropriate for "complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim").  Because Ms. Noor has failed to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the court's March 26, 2013 Order to file an amended pleading, and failed to prosecute, this action may be dismissed with or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to

prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  Here, the court recommends dismissal without prejudice.  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).  Ms. Noor has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions.  The court is not convinced that it is required to *sua sponte* identify and apply the limitations periods or tolling provisions applicable to Ms. Noor's claims, particularly where the claims and their jurisdictional basis are indeterminable.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, the court's March 26, 2013 Order to file an amended pleading, and failure to prosecute.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of May, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge